

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00206-CR

---

EX PARTE CINQUE ROSS

---

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 43,104-A

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Cinque Ross was convicted of unlawful possession of a firearm by a felon and was sentenced to eight years' confinement. Ross' previously perfected appeal of his underlying conviction is pending in this Court, but this appeal relates to Ross' bail pending appeal, which was set at $100,000.00. The trial court denied Ross' motion to reduce his bond on appeal. On appeal, Ross argues that the trial court abused its discretion in failing to reduce the bond. We affirm the trial court's ruling.

When an appeal is pending from certain felony convictions, the trial court may admit the defendant "to reasonable bail until his conviction becomes final." TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West 2006). In reviewing bonds on appeal, we review the trial court's decision using an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We will reverse that decision only if it was made without reference to any guiding principles, in other words, if it was arbitrary or unreasonable. *Id.*; *Ex parte Jackson*, 257 S.W.3d 520, 521 (Tex. App.—Texarkana 2008, no pet.). We will not interfere with the trial court's ruling as long as it is within the zone of reasonable disagreement, even if we would have reached a different result. *Montgomery*, 810 S.W.2d at 391 (op. on reh'g); *Jackson*, 257 S.W.3d at 521. The amount of bail required is within the discretion of the court, judge, magistrate, or officer taking the bail, subject to the following rules:

> 1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005). Ross has the burden of proof to show that the amount of bail set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex. Crim. App. [Panel Op.] 1981).

Securing the appellant's apprehension if his conviction is affirmed is the primary objective of the appeal bond. *Id.* The primary factors we are to consider are the nature of the offense and the length of the sentence. *Id.* at 849. In addition, we are to consider the accused's employment record, family and community ties, length of residency, prior criminal record, and any aggravating circumstances involved in the underlying offense. *Id.* at 849–50; *Jackson*, 257 S.W.3d at 522.

In this case, Ross argues that the trial court abused its discretion because he lacks the financial resources to make a $100,000.00 bond and that he is not a flight risk since he has close family and community ties and has a history of employment. The State responds that Ross has not established that he and his family do not have the resources to be able to pay the bond premium and that the trial court considered all of the factors required by Article 17.15 and *Rubac* in setting the bond.

Ross was the only witness at the bond reduction hearing. He testified that he has lived in Longview most of his adult life and that his parents, son, brother, sister, and aunt also live in the

3

area. He made his pretrial bond of $30,000.00, complied with its conditions, and was present at every court appointment. Before being incarcerated, he had worked an oilfield job and thought he would be able to resume the job if he were released on bond. He claimed he was indigent and would have to depend on his family to raise the bond premium. He believed they would be able to raise $2,500.00 for a bond premium. On cross-examination, he admitted that he had previously been convicted of two felonies, assault on a public servant and engaging in criminal activity, and at least one misdemeanor.

Primarily, we consider that Ross was convicted of unlawful possession of a firearm by a felon, a third degree felony,[1] and sentenced to eight years' confinement. The indictment on which he was convicted alleges he was previously convicted of assault on a public servant August 13, 2009, just over four years from the date of his arrest in this case. At the bond reduction hearing, the trial court took judicial notice of all prior proceedings in the case, which would have included the sentencing hearing. It therefore took into account all of the evidence at that hearing that led to the trial court imposing a sentence of eight years' confinement, which is near the maximum of the punishment range for a third degree felony.[2] Considering Ross' prior criminal record and that Ross was convicted of illegally possessing a firearm a few years after being convicted of assault on a public servant, the trial court could have legitimate concerns about the safety of the community, thereby justifying the higher bond.

---

[1]*See* TEX. PENAL CODE ANN. § 46.04(a), (e) (West 2011).

[2]An individual convicted of a third degree felony is subject to imprisonment for not less than two years and not more than ten years. TEX. PENAL CODE ANN. § 12.34(a) (West 2011).

4

Although the ability to make bond is one of the factors to be considered, it is not controlling and will not alone render the bond amount excessive. *Clemons v. State*, 220 S.W.3d 176, 178 (Tex. App.—Eastland 2007, no pet.) (citing *Ex parte Charlesworth*, 600 S.W.2d 316 (Tex. Crim. App. 1980)). "To show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Ross testified that he was able to make his pretrial bond of $30,000.00, but that now he is indigent and dependent on his family to raise the money for the bond premium. Although he believed his family would be able to raise only $2,500.00 for a bond premium, there is no evidence of the income of these other family members that would support this belief. In addition, there was no testimony regarding whether these family members possessed assets that could be used to secure a loan for the bond premium. Therefore, Ross' evidence does not bind the trial court to find that his family's resources have been exhausted to the extent that the bonding premium could not be met. *See Stephenson v. State*, No. 06-13-00181-CR, 2013 WL 5234247, at *2 (Tex. App.—Texarkana Sept. 17, 2013, no pet.)

Finally, there is some evidence that Ross has close community ties, employment opportunities and that he complied with prior bond requirements. He also testified that he is willing to wear an ankle monitor and comply with other conditions the trial court imposed. These factors may tend to make him less of a flight risk. Although these considerations may favor a reduction of his bond, we cannot say the trial court abused its discretion in denying the

bond reduction, considering Ross' prior criminal record, the nature and circumstances of the offense, and the length of his sentence.

We affirm the judgment of the trial court.


Josh R. Morriss III
Chief Justice

Date Submitted:     February 4, 2015
Date Decided:       February 20, 2015

Do Not Publish